(118 App. Div. 893)

### FITZGERALD v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1907.)

Appeal from Queens County Court.

Action by Daniel D. Fitzgerald against the Brooklyn Heights Railroad Company for personal injuries. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment and order reversed, and new trial granted.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

I. R. Oeland, for appellant.
Martin T. Manton, for respondent.

MILLER, J. The defendant appeals from a judgment of County Court, entered on the verdict of a jury, and from an order denying a motion for a new trial. The action is for negligence. The plaintiff claims that he was going diagonally across Manhattan avenue in the borough of Brooklyn between street intersections; that as he left the curb he looked in the direction of Greenpoint Ferry, from whence the car colliding with him came, and saw no car; that he looked again before stepping on the track and saw no car, although there was nothing to obstruct his view; that as he stepped upon the track he was compelled to wait to allow a car on the further track to pass, and that while waiting he was struck and received the injuries for which the action is brought. The street was narrow; the distance from the curb to the first rail being eight feet. At the point where the accident occurred the defendant's car had the right of way. This feature of the case is important, both in determining the plaintiff's duty, and the care required of the defendant's motorman. The care required of the pedestrian and the motorman, respectively, under such circumstances is discussed, and the authorities bearing upon the proposition collated by Laughlin, J., in Barney v. Metropolitan Street R. R. Co., 94 App. Div. 388–395, 88 N. Y. Supp. 335. Without restating the conclusions reached in that case, it is sufficient to say that we fully agree with them, and that they required a dismissal of the complaint upon the proof in this case.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.